Kristin A. VanOrman #7333
Nicholas R. Remkes #16371
STRONG & HANNI
102 South 200 East, Suite 800
Salt Lake City, Utah 84111
Telephone:  (801) 532-7080
Facsimile:  (801) 596-1508
kvanorman@strongandhanni.com
nremkes@strongandhanni.com

*Attorneys for Defendant Midvale Indemnity Company*

| | |
|---|---|
| **IN THE UNITED STATES DISTRICT COURT** **FOR THE DISTRICT OF UTAH** | |
| BRIAN STANKO,<br><br>        Plaintiff,<br><br>vs.<br><br>MIDVALE INDEMNITY COMPANY,<br><br>        Defendant. | **PETITION FOR REMOVAL**<br><br>Civil No:<br><br>Judge: |

Defendant Midvale Indemnity Company ("Defendant"), by and through counsel of record, petitions the Court for the removal of the above-entitled action from the Third Judicial District Court of Salt Lake County, State of Utah, Case No. 250907302, to the United States District Court for the District of Utah. A copy of the Notice of Removal filed in the Third Judicial District Court of Salt Lake County, State of Utah, is attached to this Notice as Exhibit A.

This notice of removal is made pursuant to 28 U.S.C. §§ 1332 (diversity jurisdiction), 1441, and 1446 and is proper and appropriate based upon the following:

## Background

1.      On or about September 5, 2025, Plaintiff filed his Complaint in the Third Judicial District Court of Salt Lake County, State of Utah, Case No. 250907302.  A true and accurate

copy of the Complaint is attached hereto as Exhibit B.

2.      In the Complaint, Plaintiff contends that Defendant breached a contract with Plaintiff by failing to pay underinsured motorist benefits.[1]

3.      Plaintiff has designated her action as a tier 3 action under Utah R. Civ. P. 26(c)(3), indicating that she is seeking damages in excess of $300,000.

4.      Defendant Midvale Insurance Company was served on September 9, 2025, through Icekey Investigations. Attached hereto as Exhibit C is a true and accurate copy of the service of process that was filed with the court.

## Original Jurisdiction

5.      Per federal statute, a civil action filed in State court may be removed to a federal district court if it is a type of civil action "of which the district courts of the United States have original jurisdiction."[2] One type of civil action over which federal district courts have original jurisdiction is "where the matter in controversy exceeds the sum or value of $75,000" and the matter is between "citizens of different [diverse] States."[3] This category of original jurisdiction is called diversity jurisdiction.

6.      As shown below, this is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1332—the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between citizens of different States.

## Timeliness of Removal

7.      The Notice of Removal (Exhibit A) was filed within thirty (30) days after service of the Summons and Complaint as required by 28 U.S.C.A. § 1446(b)(1).

---

[1] Exhibit B, Complaint, ¶27.
[2] 28 U.S.C. § 1441(a).
[3] *Id.* § 1332(a)(1).

8.    This Notice contains all information required by statute and by local rule.[4]

**Amount in Controversy**

9.    The amount in controversy exceeds $75,000, exclusive of interests and costs.

10.    When removal is sought based on diversity jurisdiction, "the sum demanded in good faith in the initial pleading shall be deemed to be the amount in controversy."[5]

11.    Plaintiff filed his Complaint under Tier 3 of Utah's discovery-tier system meaning Plaintiff alleges damages of $300,000, and Plaintiff has alleged past and future economic damages of more than $127,000.[6]

12.    Though Defendant denies that Plaintiff is entitled to any recovery, it is clear from Plaintiff's Complaint that he is claiming damages in excess of $75,000, exclusive of interests and costs.

**Diversity of Citizenship**

**Plaintiff**

13.    As stated in the Complaint, Plaintiff is a resident of Cache County, Utah, and has resided in Utah since before the date of the alleged accident, June 15, 2023.[7]

14.    Plaintiff therefore is a citizen of Utah for reasons of diversity.

**Defendant**

15.    As alleged in the complaint, Defendant Midvale Indemnity Company is a Wisconsin corporation.[8] Defendant Midvale Indemnity Company is incorporated in the state of Wisconsin and maintains its principal executive offices at 6000 American Parkway, Madison,

---

[4] *See* 28 U.S.C. § 1446(a)–(b); *see also* DUCivR 81-2(a)(2)(A)–(B).
[5] 28 U.S.C. § 1446(c)(2).
[6] Exhibit B, Complaint, pp. 5.
[7] Exhibit B, Complaint, ¶1 .
[8] Exhibit D, Diversity Statement

WI 53783.[9]

16.    For purposes of determining diversity jurisdiction, "a corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business."[10] A corporation's principal place of business is its "nerve center," meaning "the place where [the] corporation's officers direct, control, and coordinate the corporation's activities."[11] This is a single place.[12]

17.    As Defendant Midvale Indemnity Company is a Wisconsin corporation, with its headquarters and principal place of business in Madison Wisconsin, Defendant is a citizen of Wisconsin and is not of Utah.

18.    These citizenship facts apply both at the time the action commenced and at the time of removal to this Court.

19.    As Plaintiff is a citizen of Utah, Defendant Midvale Indemnity Company is a citizen of Wisconsin, and the amount in controversy is over $75,000, there is diversity of jurisdiction in this matter.

24.    This Notice of Removal is filed within thirty (30) days after service of the Summons and Complaint as required by 28 U.S.C. § 1446(b), and the removal is proper based upon diversity of citizenship of the parties. Therefore, the requirements of 28 U.S.C. § 1441(a) are met.

## CONCLUSION

25.    Defendant filed its Notice of Removal (Exhibit A) within 30 days after the service

---

[9] *Id.*
[10] 28 U.S.C. § 1332(c)(1).
[11] *Hertz Corp. v. Friend*, 559 U.S. 77, 92–93 (2010).
[12] *Id.* at 93–95.

of summons and the complaint.

26.     Removal to this Court is proper under 28 U.S.C. § 1441(a) because this Court has original jurisdiction on diversity grounds over all claims in Case No. 250907302 Third Judicial District Court of Salt Lake County, State of Utah, which is within this district.

27.     At the time the Notice of Removal was originally filed Defendant provided written notice of the Notice of Removal to all adverse parties and filed a true and correct copy of the Notice with the Clerk of the District Court for the Third Judicial District Court of Salt Lake County, State of Utah, as provided in 28 U.S.C. § 1446(d).

28.     Pursuant to DUCivR 81-2(a)(c) we certify that a copy of all processes, pleadings, and orders served on the removing party are filed in the federal case as required by this rule and 28 U.S.C. § 1446(a), and as permitted by 28 U.S.C. § 1447.

29.     Pursuant to DUCivR 81-2(b) and 28 U.S.C. § 1446(a), the following are attached as indicated below:

    a.  Attached as Exhibit B is a copy of the operative complaint; and

    b.  Attached as Exhibit E is a copy of the State court docket sheet that was current at the time the Notice of Removal was filed;

30.     This Notice of Removal is made and signed pursuant to Fed. R. Civ. P. 11.


DATED this 30th day of September 2025.


STRONG & HANNI


/s/ Kristin A. VanOrman
_____
Kristin A. VanOrman
Nicholas R. Remkes

*Attorneys for Defendant Midvale Indemnity Company*

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that on this 30th day of September 2025, I did cause a true and correct copy of the foregoing **PETITION FOR REMOVAL** to be served via CM/ECF filing upon the following:

Eric S. Olson (#11939)
Donovan C. Jones (#19574)
CUTT KENDELL & OLSON
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111
Phone: (801) 366-9100
eolson@ckolaw.com
djones@ckolaw.com
Attorneys for Plaintiff

*/s/ Angie Jones*