# EXHIBIT B

Eric S. Olson (#11939)
Donovan C. Jones (#19574)
**CUTT KENDELL & OLSON**
900 Parkside Tower
215 South State Street
Salt Lake City, Utah 84111
Phone: (801) 366-9100
Email: eolson@ckolaw.com
         djones@ckolaw.com

*Attorneys for Plaintiff*

### IN THE THIRD JUDICIAL DISTRICT COURT IN AND FOR SALT LAKE COUNTY, STATE OF UTAH

| | |
|---|---|
| BRIAN STANKO,<br><br>    Plaintiff,<br><br>vs.<br><br>MIDVALE INDEMNITY COMPANY.<br><br>    Defendant. | **COMPLAINT AND JURY DEMAND**<br><br>Case No: |

Plaintiff, by and through counsel, complains against the above-captioned Defendant as follows:

### PARTIES, JURISDICTION, AND VENUE

1. Plaintiff is an individual residing in Cache County Utah.

2. Defendant Midvale Indemnity Company ("Defendant") is a company who does business in the State of Utah.

3. Venue is proper with this Court, pursuant to Utah Code Ann. § 78B-3a-205 in that Defendant resides in Salt Lake County under Utah Code Ann. § 78B-3a-104.

4. This Court has jurisdiction over this action pursuant to Utah Code Ann. § 78B-3-205 and § 78B-5-102.

## GENERAL ALLEGATIONS

5. On 6/15/23, Plaintiff Brian Stanko was driving northbound on SR-49 at or near the intersection of SR-49 and Gateway Boulevard in Chesterton, Indiana, in the course and scope of his employment for C and R Transportation, Inc. ("C and R").

6. Plaintiff was driving a Peterbilt 362 semi-truck, Utah license plate number 6N2XR, which was owned by C and R, hauling two RVs.

7. Kevin Stevens ("Mr. Stevens") was driving a Chevy Silverado southbound on SR-49 and was in the left-hand turn lane to turn east onto Gateway Boulevard.

8. Mr. Stevens failed to yield to Plaintiff, entered the intersection, and crashed into the truck Plaintiff was driving.

9. Mr. Stevens was at fault for the crash.

10. Plaintiff sustained serious injuries in the crash, which caused him to incur tens of thousands of dollars in medical bills to treat those injuries.

11. Plaintiff settled his claims for bodily injury against Mr. Stevens for the limits of his automobile insurance policy.

12. Mr. Stevens had drastically insufficient insurance to compensate Plaintiff for his damages.

13. Plaintiff will also need future care as a result of his injuries, in addition to claims for lost wages and pain and suffering.

14. Mr. Stevens is underinsured for the damages he caused to Plaintiff.

15. Defendant had issued an insurance policy to C and R that provided underinsured motorist coverage ("UIM") for Plaintiff ("the Policy"), incorporated herein by reference.

16. The Policy number was CA00012665.

17. The Policy states that: "We will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'underinsured motor vehicle.'" *See* Utah Underinsured Motorist Coverage Endorsement Attached as Exhibit A.

18. "The damages must result from 'bodily injury' sustained by the 'insured' caused by an 'accident.'" *Id.*

19. "[T]he following are 'insureds': …Anyone 'occupying' a covered 'auto.'" *Id.* at 2.

20. The Peterbilt 362 Truck was a "covered auto" under the policy. *See* Declarations Page attached as Exhibit B at 3-4.

21. Plaintiff was "occupying" the "covered auto" at the time of the accident.

22. Plaintiff sent Defendant the records necessary to evaluate his claim including his medical records and bills, the police report and prior medical records requested by Defendant.

23. Months later, despite having the records necessary to evaluate the claim, Defendant has not made an offer or taken other action to resolve the claim under the policy.

## FIRST CLAIM FOR RELIEF

(Breach of Contract)

24. Plaintiff incorporates herein all preceding paragraphs.

25. A contract existed between Plaintiff and Defendant for UIM coverage.

26. Plaintiff did what the Policy required him to do to receive UIM benefits. He occupied a covered auto at the time of the accident.

27. Defendant breached the Policy by failing to pay underinsured motorist benefits to which Plaintiff was entitled under the Policy.

28. Defendant's breach caused damages to Plaintiff, including without limitation, the lack of underinsured motorist benefits.

## SECOND CLAIM FOR RELIEF

(Breach of the Covenant of Good Faith and Fair Dealing)

29. Plaintiff incorporates herein all preceding paragraphs.

30. Inherent in the Policy is an implied covenant of good faith and fair dealing.

31. Defendant breached this covenant in the following respects:

    a. Failing to perform a diligent investigation of Plaintiff's UIM claim;

    b. Failing to fully and fairly evaluate the claim;

    c. Failing to consider Plaintiff's documentation supporting his claim;

    d. Causing unreasonable delay in processing and handling Plaintiff's claim;

    e. Failing to promptly pay and settle the claim;

    f. Failing to provide a legitimate explanation for their failure to promptly pay and settle the claim; and

    g. Such other wrongful acts yet to be discovered.

32. Defendant's breach caused damages to Plaintiff, including but not limited to, loss of benefits under the policy, economic losses, mental and emotional pain and suffering, loss of interest and attorney's fees.

33. Defendant's acts and omission rose to the level of bad faith and manifested a reckless and knowing disregard for Plaintiff.

## THIRD CLAIM FOR RELIEF

(Declaratory Judgment for Underinsured Motorist Coverage)

34. Plaintiff incorporates herein all preceding paragraphs.

35. Defendant owes a duty to provide UIM coverage to Plaintiff pursuant to the Policy:

    a. "We will pay all sums the 'insured' is legally entitled to recover as compensatory damages from the owner or driver of an 'underinsured motor vehicle.'" Exhibit A at 1.

    b. "The damages must result from 'bodily injury' sustained by the 'insured' caused by an 'accident.' *Id.*

    c. "[T]he following are 'insureds': …Anyone 'occupying' a covered 'auto.'" *Id.* at 2.

36. Plaintiff is an insured under the Policy.

37. The injuries that Plaintiff suffered qualify as "bodily injury."

38. The subject crash occurred during the time when the Policy was in effect.

39. The at fault driver is a driver of an underinsured motorist vehicle.

40. There is an actual controversy between Plaintiff and Defendant concerning benefits owed. Accordingly, Plaintiff has no plain, speedy and adequate remedy in law and requires a declaratory judgment, adjudging that the damages that Plaintiff claims should be paid under the Policy.

## TIER DESIGNATION

Pursuant to Utah Rules of Civil Procedure 8(a) and 26(c)(3), this matter falls under Tier 3 and should be permitted discovery pursuant to Tier 3.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff seeks judgment against Defendant as follows:

a. That the damages claimed by Plaintiff must be paid under the UIM Policy;

b. For past and future economic losses in an amount to be proven at trial;

c. For non-economic losses in an amount to be proven at trial;

d. For incidental and consequential damages in an amount to be proven at trial;

e. For costs of suit, pre- and post-judgment interest, and attorneys' fees as provided by law; and

f. For such further relief as the court deems just and proper.

## JURY DEMAND

Plaintiff demands a jury trial of all issues that may be tried of right by a jury.

DATED this 5th day of September 2025.

**CUTT KENDELL & OLSON**

/s/ Eric S. Olson
Eric S. Olson
Donovan C. Jones
*Attorneys for Plaintiffs*

# EXHIBIT A

POLICY NUMBER: CA00012665

COMMERCIAL AUTO
CA 31 06 07 19

THIS ENDORSEMENT CHANGES THE POLICY. PLEASE READ IT CAREFULLY.

# UTAH UNDERINSURED MOTORISTS COVERAGE

For a covered "auto" licensed or principally garaged in, or "auto dealer operations" conducted in, Utah, this endorsement modifies insurance provided under the following:

AUTO DEALERS COVERAGE FORM
BUSINESS AUTO COVERAGE FORM
MOTOR CARRIER COVERAGE FORM

With respect to coverage provided by this endorsement, the provisions of the Coverage Form apply unless modified by the endorsement.

This endorsement changes the Policy effective on the inception date of the Policy unless another date is indicated below.

| | |
|---|---|
| **Named Insured:** C & R Transportation Incorporated | |
| **Endorsement Effective Date:** 06/15/2023 | |

### SCHEDULE

| | |
|---|---|
| **Limit Of Insurance:** $ | Each "Accident" |
| Information required to complete this Schedule, if not shown above, will be shown in the Declarations. | |

**A. Coverage**

1. We will pay all sums the "insured" is legally entitled to recover as compensatory damages from the owner or driver of an "underinsured motor vehicle". The damages must result from "bodily injury" sustained by the "insured" caused by an "accident". The owner's or driver's liability for these damages must result from the ownership, maintenance or use of the "underinsured motor vehicle".

2. We will pay under this coverage only after all liability bonds or policies have been exhausted by judgments or payments.

3. Any judgment for damages arising out of a "suit" brought without our written consent is not binding on us.

**B. Who Is An Insured**

If the Named Insured is designated in the Declarations as:

1. An individual, then the following are "insureds":
    a. The Named Insured and any "family members".
    b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto", except the Named Insured's customers, if that Named Insured's business is shown in the Declarations as a rental company. However, if the customer of a rental company has no policy of motor vehicle insurance, they are "insured", but only up to:
       (1) $20,000 for each "accident", which is the minimum combined single limit of liability; or
       (2) $10,000/$20,000 for each "accident", which is the minimum split limits of liability,
    specified by UTAH CODE ANN. Section 31A-22-305. This supersedes any provision to the contrary. If the "auto" is a temporary substitute, the covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

CA 31 06 07 19 © Insurance Services Office, Inc., 2019 Page 1 of 5

Rental company means any person or organization in the business of providing private passenger motor vehicles to the public under the terms of a rental agreement.

c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

d. Anyone else "occupying" an "auto" the Named Insured does not own who is an "insured" for Covered Autos Liability under this Coverage Form, but only at times when that person is an "insured" for Covered Autos Liability under this Coverage Form.

2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":

a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto", except the Named Insured's customers, if that Named Insured's business is shown in the Declarations as a rental company. However, if the customer of a rental company has no policy of motor vehicle insurance, they are "insured", but only up to:

(1) $20,000 for each "accident", which is the minimum combined single limit of liability; or

(2) $10,000/$20,000 for each "accident", which is the minimum split limits of liability,

specified by UTAH CODE ANN. Section 31A-22-305. This supersedes any provision to the contrary. If the "auto" is a temporary substitute, the covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.

Rental company means any person or organization in the business of providing private passenger motor vehicles to the public under the terms of a rental agreement.

b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

c. Anyone else "occupying" an "auto" the Named Insured does not own who is an "insured" for Covered Autos Liability under this Coverage Form, but only at times when that person is an "insured" for Covered Autos Liability under this Coverage Form.

C. Exclusions

This insurance does not apply to any of the following:

1. The direct or indirect benefit of any insurer or self-insurer under any workers' compensation, disability benefits or similar law.

2. "Bodily injury" sustained by:

a. An individual Named Insured while "occupying" or when struck by any vehicle owned by that Named Insured that is not a covered "auto" for Underinsured Motorists Coverage under this Coverage Form;

b. Any "family member" while "occupying" or when struck by any vehicle owned by that "family member" that is not a covered "auto" for Underinsured Motorists Coverage under this Coverage Form; or

c. Any "family member" while "occupying" or when struck by any vehicle owned by the Named Insured that is insured for Underinsured Motorists Coverage on a primary basis under any other Coverage Form or policy.

3. Anyone:

a. Using a vehicle without a reasonable belief that the person is entitled to do so;

b. Who, as a passenger in a vehicle, has knowledge that the vehicle is being operated in violation of Utah Code Section 41-1a-1314; or

c. While committing a felony.

However, Exclusion C.3. does not apply to the following:

a. An "insured" under 18 years of age, but coverage is limited to medical and funeral expenses.

b. An "insured" who is a law enforcement officer as defined in Utah Code Section 53-13-103, who is injured within the course and scope of the law enforcement officer's duties.

4. Punitive or exemplary damages.

5. "Bodily injury" arising directly or indirectly out of:

a. War, including undeclared or civil war;

b. Warlike action by a military force, including action in hindering or defending against an actual or expected attack, by any government, sovereign or other authority using military personnel or other agents; or

c. Insurrection, rebellion, revolution, usurped power, or action taken by governmental authority in hindering or defending against any of these.

**D. Limit Of Insurance**

1. Regardless of the number of covered "autos", "insureds", premiums paid, claims made or vehicles involved in the "accident", the most we will pay for all damages resulting from any one "accident" is the Limit Of Insurance for Underinsured Motorists Coverage shown in the Schedule or Declarations.

2. No one will be entitled to receive duplicate payments for the same elements of "loss" under this Coverage Form and any Liability Coverage form, Medical Payments Coverage endorsement or Uninsured Motorists Coverage endorsement attached to this Coverage Part.

   We will not make a duplicate payment under this coverage for any element of "loss" for which payment has been made by or for anyone who is legally responsible, except for any portion of such payment that a person is not entitled to receivepursuant to UTAH CODE ANN. Section 34A-2-106(5).

   We will not pay for any element of "loss" if a person is entitled to receive payment for the same element of "loss" under any workers' compensation, disability benefits or similar law.

**E. Changes In Conditions**

The **Conditions** are changed for **Underinsured Motorists Coverage** as follows:

1. **Other Insurance** in the Auto Dealers and Business AutoCoverage Forms and **Other Insurance – Primary And Excess Insurance Provisions** in theMotor Carrier Coverage Form are replaced by:

   a. With respect to coverage we provide when a covered "auto" the Named Insured owns is involved in an "accident", the Limit of Insurance for Underinsured Motorists Coverage applicable to that "auto" will apply for damages for which the owner or operator of the "underinsured motor vehicle" is legally responsible.

   b. If there is other applicable insurance available under one or more policies or provisions of coverage:

      (1) The maximum recovery under all Coverage Forms or policies combined may equal but not exceed the highest applicable limit for any one vehicle under any Coverage Form or policy providing coverage on either a primary or excess basis. However, the maximum recovery for damages sustained by an individual Named Insured or any "family member" while "occupying" an "auto" such Named Insured does not own, is not leased, or that is not furnished, under all Coverage Forms or policies combined may equal but not exceed the sum of:

         (a) The limit of liability for Underinsured Motorists Coverage applicable to the "auto" an individual Named Insured or any "family member" was"occupying" at the time of the "accident"; and

         (b) The highest applicable limit of liability for Underinsured Motorists Coverage under any Coverage Form or policy that provides coverage for an individual Named Insured or any "family member".

      (2) Any insurance we provide with respect to a vehicle the individual Named Insured does not own shall be excess over any other collectible underinsured motorists insurance providing coverage on a primary basis.

      (3) If the coverage under this Coverage Form is provided:

         (a) On a primary basis, we will pay only our share of the loss that must be paid under insurance providing coverage on a primary basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on a primary basis.

  (b) On an excess basis, we will pay only our share of the loss that must be paid under insurance providing coverage on an excess basis. Our share is the proportion that our limit of liability bears to the total of all applicable limits of liability for coverage on an excess basis.

**2.** The **Transfer Of Rights Of Recovery Against Others To Us** Condition does not apply.

**3. Arbitration**

 **a.** If we and an "insured" disagree whether the "insured" is legally entitled to recover damages from the owner or driver of an "underinsured motor vehicle" or do not agree as to the amount of damages that are recoverable by that "insured", then the matter may be arbitrated. However, disputes concerning coverage under this endorsement may not be arbitrated. Either party may make a written demand for arbitration. In this event, unless otherwise agreed to in writing, we and the "insured" shall agree on the selection of a single arbitrator. If we and the "insured" are unable to agree on the selection of a single arbitrator, each party will select an arbitrator. The two arbitrators will select a third. If they cannot agree within 30 days, either may request that selection be made by a judge of a court having jurisdiction. Each party will bear the expenses for a single arbitrator equally or pay the expenses for the arbitrator each party selects and bear the expenses of the third arbitrator equally.

 **b.** If an "insured" submits a claim for Underinsured Motorists Coverage to arbitration, that "insured" shall provide to us within 30 days:

  **(1)** A written demand for payment setting forth the specific monetary amount of the demand, including a computation of that "insured's" claimed past medical expenses, claimed past lost wages, and other claimed past economic damagesrequired by UTAH CODE ANN. Section 31A-22-305.3; and

  **(2)** Any written statements under oath, documents and signed authorizations required by UTAH CODE ANN. Section 31A-22-305.3.

 **c.** Subject to our receipt of items **b.(1)** and **b.(2)** described above, we shall, within 60 days:

  **(1)** Provide a written response to the "insured's" written demand for payment; and

  **(2)** Tender the amount, if any, that we determine as owed to that "insured", less any state or federal statutory liens as provided by UTAH CODE ANN. Section 31A-22-305.3.

  If the amount tendered by us is the Limit of Insurance for Underinsured Motorists Coverage, such amount shall be accepted by that "insured".

  If the amount tendered by us is less than the Limit of Insurance for Underinsured Motorists Coverage, the "insured" may accept the amount tendered as full payment of such "insured's" claim or accept the amount tendered as partial payment and continue to arbitrate the remaining claim.

 **d.** If the final award obtained through arbitration is greater than the average of the "insured's" initial written demand for payment and our initial written response, then we shall pay:

  **(1)** The final award obtained through arbitration, less any amount accepted as partial payment. If the award exceeds the Limit of Insurance for Underinsured Motorists Coverage by more than $15,000, we shall pay $15,000, in addition to the Limit of Insurance for Underinsured Motorists Coverage;

  **(2)** Any costs as set forth in the Utah Rules of Civil Procedure;

  **(3)** Arbitration fees; and

  **(4)** Reasonable costs for witnesses and depositions.

  If the "insured" does not disclose all material information required by UTAH CODE ANN. Section 31A-22-305.3 within 30 days after submitting a claim for Underinsured Motorists Coverage to arbitration, the "insured" may not recover costs or amounts in excess of the Limit of Insurance.

    The "insured" shall provide an affidavit of costs within five days of an arbitration award. If we object to such costs, the costs shall be arbitrated, and such award may not exceed $5,000.

  **e.** The written demand requirement in item **b.(1)** described above does not affect the "insured's" requirement to provide a computation of any other economic damages claimed, and we may, within a reasonable time after receipt of such computation, conduct fact and expert discovery as to any additional damages claimed.

  **f.** Unless both parties agree otherwise, arbitration will take place in the county in which the "insured" lives. Local rules of law as to arbitration procedure and evidence will apply. A written decision agreed to by the single arbitrator or agreed to by two of the arbitrators will be binding, unless either party demands a trial. This demand must be made within 20 days of service of the arbitration award. If this demand is not made, the amount of damages agreed to by the arbitrators will be binding.

  However, this condition does not apply if a small-claims court having jurisdiction resolves the matter or matters upon which we and an "insured" do not agree.

**F. Additional Definitions**

  As used in this endorsement:

  **1.** "Family member" means:

    **a.** A person related to the individual Named Insured by blood, marriage, adoption or guardianship, who is a resident of such Named Insured's household, whether or not temporarily residing elsewhere; and

    **b.** An individual Named Insured's dependent minor children.

  **2.** "Occupying" means in, upon, using, getting in, on, out or off.

**3.** "Underinsured motor vehicle" means a land motor vehicle or "trailer" for which a bodily injury liability bond or policy applies at the time of the "accident", but the amount paid for "bodily injury" under that bond or policy to an "insured" is not enough to pay the full amount the "insured" is legally entitled to recover as damages caused by the "accident".

However, "underinsured motor vehicle" does not include any vehicle:

  **a.** Owned by a governmental unit or agency;

  **b.** Designed for use mainly off public roads while not on public roads;

  **c.** For which no liability bond or policy at the time of the "accident" provides at least $80,000 for each "accident", which is the minimum combined single limit for "bodily injury" liability, or $25,000/$65,000 for each "accident", which is the minimum split limits of liability, specified by UTAH CODE ANN. Section 31A-22-304;

  **d.** For which an insuring or bonding company denies coverage or is or becomes insolvent;

  **e.** That is a hit-and-run vehicle whose operator or owner cannot be identified and that hits or causes an "accident" resulting in "bodily injury" without hitting:

    **(1)** The individual Named Insured or any "family member";

    **(2)** A vehicle that such Named Insured or any "family member" is "occupying"; or

    **(3)** The individual Named Insured's covered "auto";

  **f.** That is owned or leased by the Named Insured, the Named Insured's spouse or any "family member" who is a dependent of the Named Insured; or

  **g.** That is insured for Covered Autos Liability Coverage under this Policy.

# EXHIBIT B

## Vehicle Coverage and Endorsements

### Vehicle #1

| | | | |
|---|---|---|---|
| **Vehicle Description** | 1997 GmcChevy C6500 | **VIN Number** | 1GDG6H1JXVJ515684 |
| **Cost New** | $34819 | **Gross Vehicle Weight** | 20,001 - 45,000 lbs |

**Garaged at Location**

4490 W 16800 N
Fielding, UT 84311

| | Limit of Insurance | Deductible |
|---|---|---|
| **Liability** | | |
| Bodily Injury – Per Person / Per Accident | $1,000,000/$1,000,000 | |
| Property Damage Liability – Per Accident | $1,000,000 | |
| **Medical Payments – Each Person** | Not applicable | |
| **Personal Injury Protection** | Refer to CA 22 63 10 13,CA22441116 | |
| **Uninsured Motorist – Bodily Injury** | | |
| Per Person / Per Accident | $1,000,000/$1,000,000 | |
| Property Damage | Rejected | |
| **Uninsured Motorist** | Not applicable | |
| **Uninsured Motorist And Underinsured Motorist – Bodily Injury** | Not applicable | |
| Property Damage | | Rejected |
| **Underinsured Motorist – Bodily Injury** | | |
| Per Person / Per Accident | $1,000,000/$1,000,000 | |
| Property Damage | Not applicable | |
| **Comprehensive** | | $1,000 |
| **Collision** | | $1,000 |
| **Rental Reimbursement** | Rejected | |
| **Towing And Labor** | $250 | |

### Vehicle #2

| | | | |
|---|---|---|---|
| **Vehicle Description** | 2001 Peterbilt 362 | **VIN Number** | 1XP6DU0X81D611681 |
| **Cost New** | $110800 | **Gross Vehicle Weight** | Greater than 45,000 lbs |

**Garaged at Location**

4490 W 16800 N
Fielding, UT 84311

| | Limit of Insurance | Deductible |
|---|---|---|
| **Liability** | | |

BID CA 1001 UT 01 20                          Page 3 of 6

|  |  |  |
|---|---|---|
| Bodily Injury – Per Person / Per Accident | $1,000,000/$1,000,000 | |
| Property Damage Liability – Per Accident | $1,000,000 | |
| **Medical Payments – Each Person** | Not applicable | |
| **Personal Injury Protection** | Refer to CA 22 63 10 13,CA22441116 | |
| **Uninsured Motorist – Bodily Injury** | | |
| Per Person / Per Accident | $1,000,000/$1,000,000 | |
| Property Damage | Rejected | |
| **Uninsured Motorist** | Not applicable | |
| **Uninsured Motorist And Underinsured Motorist – Bodily Injury** | Not applicable | |
| Property Damage | | Rejected |
| **Underinsured Motorist – Bodily Injury** | | |
| Per Person / Per Accident | $1,000,000/$1,000,000 | |
| Property Damage | Not applicable | |
| **Comprehensive** | | $1,000 |
| **Collision** | | $1,000 |
| **Rental Reimbursement** | Rejected | |
| **Towing And Labor** | $250 | |

## Vehicle #3

| | | | |
|---|---|---|---|
| **Vehicle Description** | 2009 Int L 8600 | **VIN Number** | 1HSHXSBR09J057514 |
| **Cost New** | $105551 | **Gross Vehicle Weight** | Greater than 45,000 lbs |

**Garaged at Location**

4490 W 16800 N
Fielding, UT 84311

| | Limit of Insurance | Deductible |
|---|---|---|
| **Liability** | | |
| Bodily Injury – Per Person / Per Accident | $1,000,000/$1,000,000 | |
| Property Damage Liability – Per Accident | $1,000,000 | |
| **Medical Payments – Each Person** | Not applicable | |
| **Personal Injury Protection** | Refer to CA 22 63 10 13,CA22441116 | |
| **Uninsured Motorist – Bodily Injury** | | |
| Per Person / Per Accident | $1,000,000/$1,000,000 | |
| Property Damage | Rejected | |
| **Uninsured Motorist** | Not applicable | |
| **Uninsured Motorist And Underinsured Motorist – Bodily Injury** | Not applicable | |

BID CA 1001 UT 01 20                Page 4 of 6